**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

WILBERT DAVIS,                              :
                                           :
            Petitioner,                    :
v.                                         :        Case No. 5:26-cv-80-TES-ALS
                                           :
Lieutenant ANDREW MCFARLANE,               :
                                           :
            Respondent.                    :
_____

## ORDER

Pending before the Court is a petition for writ of habeas corpus seeking relief

pursuant to 28 U.S.C. § 2254. (Doc. 1). While the filing fee has been paid, it appears that

the petition was prepared and signed by Nichole Fleming ("Ms. Fleming") on behalf of

Mr. Wilbert Davis ("Davis"). *Id.* at 10. Ms. Fleming indicates that she is a "[a] friend and

witness to the parse [parts of words] grammar [book of spells] used" and she is "signing

or autographing because [she] was given permission and [she is] power of attorney of

fact." *Id.* (first two alterations in original). Under 28 U.S.C. § 1654, parties in federal

courts are generally required to "plead and conduct their own cases personally or by

counsel[.]" *See also* M.D. Ga. R. 83.1.1(B) (stating that "[o]nly attorneys who are admitted

to practice in this Court . . . may appear as counsel"). Accordingly, only Mr. Davis or a

licensed attorney admitted to practice before this Court would typically be allowed to

prosecute this action.

However, in "habeas corpus cases, courts have long permitted a next friend to

proceed on behalf of a prisoner who is unable to seek relief himself." *Lonchar v. Zant*, 978

F.2d 637, 641 (11th Cir. 1992). "Congress explicitly codified this next friend standing in

1948 by allowing for application for a writ of habeas corpus 'by the person for whose relief

it is intended or by someone acting in his behalf.'" *Id.* (quoting 28 U.S.C. § 2242). To establish standing to bring a habeas petition as a next friend, however, the "would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court." *Id.* (citing *Whitmore v. Ark.*, 495 U.S. 149, 163-65 (1990)). In addition, "the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest." *Id.* (citing *Whitmore*, 495 U.S. at 163-64). Absent "an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).[1]

Before she may raise his claims before this Court, Ms. Fleming bears the burden of establishing that she has standing to proceed on behalf of Mr. Davis. *Lonchar*, 978 F.2d at 640 (citing *Whitmore*, 495 U.S. at 162). She is required to provide "some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be 'next-friend.'" *Weber*, 570 F.2d at 513-14. That burden has not been satisfied. Any power of attorney executed by Mr. Davis does not give Ms. Fleming the authority to represent Mr. Davis in this action. *Id.* at 514 (stating that a "power[] of attorney . . . cannot alone transform [someone] into a 'next friend'" capable of filing a habeas petition under 28 U.S.C. § 2242). "Since she has not qualified as a 'next friend,' [Ms. Fleming] may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law." *Id.*

Consequently, if Mr. Davis wishes to proceed with this action on his own behalf, he is **ORDERED** to recast the Petition on one of the Court's standard forms for seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to mail Mr. Davis a copy of the appropriate form, marked with the case number for the above-captioned action, that Mr. Davis should use if he wishes to continue with this case. The Clerk may also mail a courtesy copy of this Order, without the attached forms, to Ms. Fleming at the address she indicated in the petition on the certificate of service page. (*See* Doc. 1, at 11).

Mr. Davis shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Petition on the Court's standard form. Should Mr. Davis file a recast petition, he is **advised** that he must inform the Clerk of Court in writing of any future change in address while this matter is pending before the Court. **Failure to fully and timely comply with this Order will likely result in the dismissal of the pending application for habeas relief.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 7th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

3